UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  13-22249-CIV-MORENO**

EMILE ALBERT BROOKS,

      Plaintiff,

vs.

ALUTIIQ, a wholly owned subsidary of A
FOGNAK NATIVE CORP.,

      Defendant.

_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

THIS CAUSE came before the Court upon a *sua sponte* review of Plaintiff's complaint.

THE COURT has reviewed Plaintiff's complaint that appears to violate the one-claim-per-count rule. Fed.R.Civ.P. 10(b).  Therefore, Plaintiff's complaint is DISMISSED without prejudice. Plaintiff may file an amended complaint, which comports with this order no later than **July 16, 2013**.

In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-7 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*See also Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995).  This problem is especially prevalent in discrimination actions where myriad factual allegations and legal

theories are often consolidated into a single count, or into one set of "general allegations" which, in turn, is incorporated by reference wholesale into every count of the complaint. Such "shotgun" pleading imperils fundamental principles of due process.

The Eleventh Circuit has expressed increased frustration with district courts that let the case proceed despite such shotgun pleadings. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). The *Byrne* court sought to avoid having district courts undergo the time-consuming process of "rearranging the pleadings and discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient." *Id.* at 1129. The *Byrne* panel also counseled, "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id.* at 1131.

This order does not excuse the parties from any pending calendar call, nor does it remove the case from its current trial calendar. The purpose and effect of this order is limited. It is intended to require that the complaint be brought into compliance with Rule 10(b), but not to close the case. Mindful of the rule that a **well-pleaded complaint contains only one claim per count**, of Rule 10(b), and of the due process concerns articulated above, it is

**ORDERED and ADJUDGED**:

1.      The complaint is dismissed without prejudice. Plaintiff may file an amended complaint no later than **July 16, 2013**. Failure to do so may result in the Court closing this case.

2.      In redrafting the complaint, counsel is required to ensure that each legal claim advanced is set forth in a separate count, *e.g.* if a plaintiff is alleging wrongful termination, retaliation, and hostile work environment, each of those claims require a separate count. In this case,

Plaintiff must provide a **short statement of the wrongdoing and what Civil Right statute is violated**.

3.     Further, each count shall state with specificity both the factual and legal basis for the claim it sets forth.  If a claim is one where Fed.R.Civ.P. 9 is applicable, that claim must be pled with particularity.  Other numbered paragraphs may be incorporated by reference but this must be done with particularity so that only relevant paragraphs are referenced.  It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs.

4.     If defendant has yet to be served with process or enter an agreement in this case, the plaintiff's counsel shall forward to defense counsel a copy of this order.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of June, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-3-